1 Ott Stipulation Bankruptcy Case # 16-17216/AMC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Renee A. Ott and Renee A. Ott, Debtors. | CHAPTER 13 |
| JPMorgan Chase Bank, National Association, Movant, v. Renee A. Ott and Renee A. Ott, Debtors, William C. Miller, Trustee, Additional Respondent. | BANKRUPTCY CASE NUMBER 16-17216/AMC  11 U.S.C. § 362 |

### STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtors' property at 887 Williams Pl, Warminster, PA 18974 (the "Property"), are $5,100.23. The breakdown of the arrears is as follows:

| Post-Payments from 04/01/2019 to 07/01/2019 at $1,390.99 each | $5,563.96 |
|---|---|
| Suspense Balance | $463.73 |

3. If Debtors provide proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtors shall cure the arrearages in the following manner:

(a) The balance of the arrears, to-wit, $5,100.23, shall be cured by the Debtors in nine (9) consecutive payments commencing on August 1, 2019. The Debtor shall pay the sum of

2 Ott Stipulation Bankruptcy Case # 16-17216/AMC

$566.69 for eight (8) consecutive months. The Debtor shall pay the ninth (9th) and final payment of $566.71 to cure the arrears on April 1, 2020; until the arrears are cured, together with the regular monthly mortgage payment.

(b) Debtor shall resume making the regular monthly mortgage payments on August 1, 2019. Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

(c) All payments to Movant shall include the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, JPMorgan Chase Bank, National Association, at 3415 Vision Drive, Columbus, Ohio 43219;

(d) All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5. In the event that Debtors fail to make any of the payments set forth above, Movant shall notify Debtors and Debtors' attorney of the default in writing and Debtors may cure the default within 15 days of the notice. If the default continues to the following month, the Debtors shall include funds to cure that month's default as well. If Debtors should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtors consents to the Court entering an Order granting Movant relief from the Automatic Stay.

6. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtors shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtors fail to cure the arrears within ten (10) days from the date of conversion, counsel for

3 Ott Stipulation Bankruptcy Case # 16-17216/AMC

Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

7. In the event this case is dismissed or discharged prior to Debtor completing all the payments included within this Stipulation, the terms and conditions of this Stipulation are terminated, and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtors.

8. Debtors agree that the Court may waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 7/9/19

Kevin S. Frankel, Esquire
Attorney for Movant

Dated: 7/9/19

Carol B. McCullough, Esquire
Attorney for Debtors

Dated: 7-11-19

JACK William C. Miller
Trustee      No objection

AND NOW, this 11th day of July, 2019, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE