United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                      Case No. 16-17216-amc
Renee A. Ott                                                                Chapter 13
          Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2            User: Antoinett          Page 1 of 1              Date Rcvd: Jul 11, 2019
                               Form ID: pdf900          Total Noticed: 1


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 13, 2019.
db            +Renee A. Ott,   887 Williams Place,   Warminster, PA 18974-1134

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                               TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 13, 2019                                 Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 11, 2019 at the address(es) listed below:
          CAROL B. MCCULLOUGH    on behalf of Debtor Renee A. Ott mccullougheisenberg@gmail.com,
           cbmccullough64@gmail.com
          KEVIN S. FRANKEL    on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
           pa-bk@logs.com
          MATTEO SAMUEL WEINER    on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                             TOTAL: 5

1 Ott Stipulation Bankruptcy Case # 16-17216/AMC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Renee A. Ott and Renee A. Ott, Debtors. | CHAPTER 13 |
| | BANKRUPTCY CASE NUMBER |
| JPMorgan Chase Bank, National Association, Movant, | 16-17216/AMC |
| v. | 11 U.S.C. § 362 |
| Renee A. Ott and Renee A. Ott, Debtors, | |
| William C. Miller, Trustee, Additional Respondent. | |

### STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1.    This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2.    The post-petition arrearages on the mortgage held by Movant on Debtors' property at 887 Williams Pl, Warminster, PA 18974 (the "Property"), are $5,100.23. The breakdown of the arrears is as follows:

| Post-Payments from 04/01/2019 to 07/01/2019 at $1,390.99 each | $5,563.96 |
|---|---|
| Suspense Balance | $463.73 |

3.    If Debtors provide proof of negotiated payments not already credited, they will receive credit for those payments.

4.    Debtors shall cure the arrearages in the following manner:

(a)    The balance of the arrears, to-wit, $5,100.23, shall be cured by the Debtors in nine (9) consecutive payments commencing on August 1, 2019. The Debtor shall pay the sum of

2 Ott Stipulation Bankruptcy Case # 16-17216/AMC

$566.69 for eight (8) consecutive months. The Debtor shall pay the ninth (9th) and final payment of $566.71 to cure the arrears on April 1, 2020; until the arrears are cured, together with the regular monthly mortgage payment.

(b)    Debtor shall resume making the regular monthly mortgage payments on August 1, 2019. Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

(c)    All payments to Movant shall include the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, JPMorgan Chase Bank, National Association, at 3415 Vision Drive, Columbus, Ohio 43219;

(d)    All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5.    In the event that Debtors fail to make any of the payments set forth above, Movant shall notify Debtors and Debtors' attorney of the default in writing and Debtors may cure the default within 15 days of the notice. If the default continues to the following month, the Debtors shall include funds to cure that month's default as well. If Debtors should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtors consents to the Court entering an Order granting Movant relief from the Automatic Stay.

6.    In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtors shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtors fail to cure the arrears within ten (10) days from the date of conversion, counsel for

3 Ott Stipulation Bankruptcy Case # 16-17216/AMC

Movant may file a Certification of Default with the Court and the Court shall enter an Order

granting relief from the automatic stay as to the Property.

      7.     In the event this case is dismissed or discharged prior to Debtor completing all the

payments included within this Stipulation, the terms and conditions of this Stipulation are

terminated, and Movant may proceed to enforce its remedies under applicable non-bankruptcy

law against the Property and/or against the Debtors.

      8.     Debtors agree that the Court may waive Rule 4001(a) (3), permitting Movant to

immediately implement and enforce the Court's order.

      The parties request that this Honorable Court approve this stipulation.

Dated: _____7/9/19_____              _____
                                         Kevin S. Frankel, Esquire
                                         Attorney for Movant

Dated: 7/9/19                 _____
                                         Carol B. McCullough, Esquire
                                         Attorney for Debtors

Dated: 7-1-19                 _____
                      JACK William C. Miller
                      Trustee      No objection

      AND NOW, this _11th_____ day of _July_____, 2019, it is hereby
ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this
Court.

                                 BY THE COURT:

                                  _____
                                  HONORABLE ASHELY M. CHAN
                                  UNITED STATES BANKRUPTCY JUDGE